**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0410, <u>Exeter River MHP Cooperative, Inc.</u> <u>v. James Dow & a.</u>, the court on May 26, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendant James Dow (tenant) appeals an order of the Circuit Court (<u>Weaver</u>, J.) granting the plaintiff, Exeter River MHP Cooperative, Inc. (landlord), a writ of possession.[1] <u>See</u> RSA 205-A:9 (2011) ("The provisions of RSA 540 shall apply to tenancies in manufactured housing parks except where such application would produce a result inconsistent with or contrary to the provisions of this chapter"); RSA 540:14 (Supp. 2016).

We construe the tenant's brief to contend that the trial court erred by: (1) allowing the landlord to "treat[ ] the legal system like a carnival game, choosing Judges that will allow [it] to win"; (2) not finding that the instant possessory action was retaliatory, <u>see</u> RSA 540:13-a (2007); and (3) not awarding him damages as a result of such retaliation, <u>see</u> RSA 540:14, II.

We will not disturb the trial court's findings unless they lack evidentiary support or are erroneous as a matter of law. <u>Sherryland v. Snuffer</u>, 150 N.H. 262, 265 (2003). Legal conclusions, as well as the application of law to fact, are reviewed independently for plain error. <u>Id</u>. Accordingly, our inquiry is to determine whether the evidence presented to the trial court reasonably supports its findings, and then whether the court's decision is consonant with applicable law. <u>Id</u>. Finally, we review questions of law <u>de</u> <u>novo</u>. <u>Id</u>.

First, we address whether the landlord "attempt[ed] to disregard and demoralize the Judicial process" by bringing a second possessory action "in hopes of getting a new Judge." In March 2016, the landlord brought a possessory action against the tenant for failure to pay the December 2015 rent. In that case, the trial court declined to grant the landlord a writ of possession because "[t]he Notice of Eviction was deficient." It found that "[t]he tenant denies having received the notice and the testimony regarding its service was vague and unpersuasive." The tenant acknowledges that, although the trial court noted that the landlord's failure to notify the tenant of his right to a hearing before the board of directors "is evidence of the [landlord's] challenged motivation regarding this eviction process," the court's order was not "based on retaliation."

---

[1] The other defendant, Jodi Hale, did not participate in the appeal.

Approximately three weeks after that order, the landlord initiated the instant possessory action by serving the tenant with an eviction notice and a demand for four months' rent, due from January to April 2016. The tenant does not cite, nor are we aware of, any authority that the previous possessory action barred the landlord from bringing this subsequent action.

To the extent that the tenant argues that the landlord was seeking a different judge from the one who presided over the previous possessory action, we observe that the landlord had no power to assign the matter to a particular judge. To the extent that the tenant argues that the trial court erred by "not putting enough weight on [the trial court's] previous Order and remarks," he does not explain how the previous order affected the case at hand.

We note that the tenant does not represent that he cured his prior arrearages. Accordingly, we conclude that the trial court did not err in entertaining the instant action.

We next address whether the possessory action was brought in retaliation for the tenant's 2015 civil action against the landlord's board of directors "personally." We assume, without deciding, that this argument is preserved. RSA 540:13-a permits a defense of retaliation against a possessory action "[e]xcept in cases in which the tenant owes the landlord the equivalent of one week's rent or more."

In this case, the demand was for four months' rent, and the trial court implicitly found that the tenant owed that rent. The tenant does not contest that finding; in fact, on appeal, he concedes that "he did get behind in December of 2015." The landlord's agent, whom the trial court found credible, testified that the tenant had been in arrears since October 2014.

The tenant argues that he "was not behind on his rent" when he filed his civil action against the landlord's directors. However, RSA 540:13-a addresses when retaliation may be a defense to a possessory action. The evidence before the trial court supported that the tenant was in arrears throughout the possessory action. Accordingly, we conclude that, in the possessory action, the tenant was statutorily precluded from raising a defense of retaliation. See RSA 540:13-a. Thus, he was not entitled to damages under RSA 540:14, II, which authorizes damages only when "the tenant successfully raises the defense of retaliation."

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**